UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-80264-CIV-MARRA/BRANNON

DAVID RAMNARINE,

        Plaintiff,

vs.

R G GROUP, INC.,

        Defendant.
_____/

## PLAINTIFF'S MOTION TO STRIKE DEFENDANT R G GROUP, INC.'S SECOND THROUGH SIXTEENTH AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT, MOTION TO STRIKE ITS DEMAND FOR ATTORNEYS' FEES AND INCORPORATED MEMORANDUM OF LAW

Pursuant to Federal Rule of Civil Procedure 12(f)(2) and Local Rule 7.1 of the Southern District of Florida, Plaintiff, David Ramnarine ("Plaintiff"), requests entry of an Order striking R G Group, Inc.'s Second through Sixteenth Affirmative Defenses to Plaintiff's Complaint and its demand for attorneys' fees contained in its Answer and Affirmative Defenses to Plaintiff's Complaint (DE 5):

### INTRODUCTION/BACKGROUND

Plaintiff brings this action pursuant to the Americans With Disabilities Act, 42 U.S.C. §12181, et seq. (hereinafter, the "ADA") and the ADA's Accessibility Guidelines, 28 C.F.R., Part 36 (hereinafter, the "ADAAG") for entry of an Order issuing a permanent injunction enjoining R G Group, Inc. (hereinafter "Defendant") from continuing its discriminatory practices, ordering Defendant to remove the physical barriers to access and alter the subject property, which is a restaurant, and adjacent walkways and parking areas operated by Defendant to make it readily accessible to and usable by individuals with disabilities to the full extent

required by the ADA, and awarding Plaintiff reasonable attorneys' fees, litigation expenses, including expert fees, and costs.

## STANDARDS ON MOTION TO STRIKE AFFIRMATIVE DEFENSES

The Court has broad discretion in considering a motion to strike under Fed.R.Civ.P. 12(f). *See Williams v. Eckerd Family Youth Alternative*, 908 F.Supp. 908, 910 (M.D. Fla. 1995). Motions to strike affirmative defenses serve a useful purpose by eliminating insufficient defenses and saving time and expense which would otherwise be spent in litigating issues that would not affect the outcome of the case." See *United States of America v. Union Gas Company, et al*, 743 F.Supp. 1144, 1150 (E.D. Pennsylvania 1990). Rule 12(f) states that "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P.12(f). Thus, a defense will be stricken if it is insufficient as a matter of law. *See Anchor Hocking Corp. v. Jacksonville Elec. Auth.*, 419 F.Supp. 992, 1000 (M.D. Fla. 1976). "A defense is insufficient as a matter of law, if, on the face of the pleadings, it is patently frivolous, or if it is clearly invalid as a matter of law." *Lugo v. Crestwood Square, Ltd.*, Case No. 11-80566-Civ-Ryskamp/Vitunac (S.D. Fla. October 25, 2011) citing *Morrison v. Executive Aircraft Refinishing, Inc.*, 434 F.Supp.2d 1314, 1318 (S.D. Fla. 2005) which quoted *Anchor Hocking Corp. v. Jacksonville Electric Authority*, 419 F.Supp.2d 992, 1000 (M.D. Fla. 1976).

In addition, affirmative defenses must comply with the general pleading requirements of Fed.R.Civ.P. 8(a), which requires "a short and plain statement" of the asserted defense. See *Lugo v. Crestwood Square, Ltd.*, Supra citing *Morrison v. Executive Aircraft Refinishing, Inc.*, 434 F.Supp.2d 1314, 1318 (S.D. Fla. 2005). "Affirmative defenses are insufficient as a matter of law if they do not meet the general pleading requirements of Rule 8(a)…" *Mid–Continent Casualty Co. v. Active Drywall South, Inc.*, 765 F.Supp.2d 1360, 1361 (S.D. Fla.2011) (quoting

*Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Fed.R.Civ.P. 8(a). The party raising the affirmative defense "must do more than make conclusory allegations." *Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 684 (M.D. Fla. 2002); see also *Lugo v. Crestwood Square, Ltd.*, Supra. Where the affirmative defenses are no more than "bare bones conclusory allegations, [they] must be stricken." *Microsoft Corp. v. Jesse's Computers & Repair, Inc., Id.* "A majority of district courts in Florida have applied this heightened pleading standard to affirmative defenses." *Lugo v. Crestwood Square, Ltd.*, Supra. citing to *Castillo v. Roche Labs, Inc.*, No. 10-20876, 2010 WL 3027726, at *2 (S.D. Fla. Aug 2, 2010) (citing cases).

In conjunction with the Eleventh Circuit decision in *Rawson*, when a defendant's assertion is (i) a denial rather than an affirmative defense, which was (ii) already denied in the answer to the complaint, the court will strike the alleged affirmative defense for being redundant. *Wiemer v. Felberbaum & Associates, P.A. v. ADP Totalsource III, Inc.*, Case No. 07-80934-Civ-Marra/Johnson (S.D. Fla. February 1, 2008).

Alternatively, when a defendant's assertion is actually a denial rather than an affirmative defense, wherein the party has incorrectly labeled a "negative averment as an affirmative defense rather than as a specific denial," another proper remedy is to simply treat the claim as a specific denial, rather than to strike the affirmative defense outright. *Home Mgmt. Solutions, Inc. v. Prescient, Inc.*, Case No. 07-20608-Civ-Lenard/Torres (S.D. Fla. August 21, 2007); see also *Premium Leisure, LLC v. Gulf Coast Spa Mfrs., Inc.*, Case No. 08-Civ-T-24 EAJ (M.D. Fla. August 21, 2008).

The sufficiency of an affirmative defense is tested under the same standard as a claim under Rule 12(b): (1) the matter must be properly pleaded as an affirmative defense; (2) the matter must be adequately pleaded under the requirements of Federal Rules of Civil Procedure 8

3

and 9; and (3) the matter must withstand a Rule 12(b)(6) challenge-in other words, if it is impossible for defendant to prove a set of facts in support of the affirmative defense that would defeat the complaint, the matter must be stricken as legally insufficient. *Renalds v. S.R.G. Restaurant Group, Chicago, LLC*, 119 F.Supp.2d 800, 802 (N.D. Ill. 2000) (citing *Heller*, 883 F.2d at 1294).

For the reasons that follow, the Court should strike Defendant's Second through Sixteenth Affirmative Defenses to Plaintiff's Complaint and its demand for attorneys' fees.

### DEFENDANT'S SECOND, THIRD and FOURTH AFFIRMATIVE DEFENSES

Defendant alleges as its Second Affirmative Defense that "the Plaintiff failed to mitigate damages by failing to request any needed accommodation prior to filing suit. RG Group at all times material has been willing to voluntarily accommodate the Plaintiff."

As its Third Affirmative Defense, Defendant states, "To the extent that any violations exist within the Property, R G Group is willing to voluntarily remedy any alleged violations without the necessity of litigation."

As its Fourth Affirmative Defense, Defendant alleges, "Plaintiff has not been obligated to retain legal counsel; quite to the contrary, R G Group has at all times been willing to voluntarily remedy any ADA violation brought to its attention without the necessity of the Plaintiff retaining counsel or bringing litigation."

These defenses should be stricken with prejudice because they are immaterial to Plaintiff's claims. A private plaintiff in a Title III ADA action is not required to provide any type of notice as a prerequisite to filing suit. See *Disabled Patriots of America, Inc., et al. v. Vatland*, Case No. 03-14279-CIV-MIDDLEBROOKS/JOHNSON (D.E. 10) (February 26, 2004); *American Disability Association, Inc. v. Di-Mi Investments Corp.*, Case No. 01-6300-CIV-DIMITROULEAS/JOHNSON (D.E. 7) (April 12, 2001); *Botosan v. Paul McNally Realty*,

4

216 F.3d 827 (9th Cir. 2000); *Bercovitch v. Baldwin School*, 964 F. Supp. 597 (D.P.R. 1997), rev'd on other grounds, 133 F.3d 141 (1st Cir. 1998); *Soignier v. Am. Bd. of Plastic Surgery*, 92 F.3d 547 (7th Cir. 1996). Nor does the administrative exhaustion requirement apply to claims under Title III of the ADA. See Order Granting plaintiff's Motion To Strike in *Fox v. G & D Eyecare Associates, Limited Partnership*, Case No.: 04-808000-CIV-COHN/SNOW (D.E. 9) (S.D. Fla. 2005); see also *American Disability Association, Inc. v. Di-Mi Inv. Corp.*, Supra, holding that notice and administrative exhaustion defenses do not apply to Title III ADA claims. The remedy requirement for Title III, as stated in 42 U.S.C. §2000a-3(a) shall apply. See *G & D Eyecare*, Supra.

These defenses are also redundant with each other, patently frivolous and invalid as a matter of law. A plaintiff claiming discrimination under Title III need not prove actual discriminatory intent or bad faith in order to make out a prima facie case of discrimination; just the violations of the ADA must be alleged. *Mayberry v. Von Voltier*, 843 F.Supp. 1160 (E.D. Mich. 1994). Defendant's professed willingness, but failure, to do what the law required it to do since 1993 is of no relevance to Plaintiff's claims and does not avoid or justify its failure to cause its restaurant building and adjoining walkways and parking areas to comply with the ADA.

## DEFENDANT'S FIFTH AFFIRMATIVE DEFENSE

Defendant's Fifth Affirmative Defense states, "To the extent an ADA violation continues to exist at the Property, this is due only to the fact that accommodation is not readily achievable." This defense must be stricken because it is nothing more than a denial of paragraph 14 of Plaintiff's Complaint. When a defendant's assertion is (i) a denial rather than an affirmative defense, which was (ii) already denied in the answer to the complaint, the court will strike the alleged affirmative defense for being redundant. *Wiemer v. Felberbaum &*

5

*Associates, P.A. v. ADP Totalsource III, Inc.*, Case No. 07-80934-Civ-Marra/Johnson (S.D. Fla. February 1, 2008).

In addition, this defense is also nothing more than a "conclusory allegation", which is prohibited. If Defendant wishes to assert this affirmative defense, it must admit to specific ADA violations and avoid them by stating, at least generally, which ADA violations are not readily achievable to remediate and why.

Therefore, Defendant's Fifth Affirmative Defense must be stricken.

### DEFENDANT'S SIXTH, SEVENTH AND EIGHTH AFFIRMATIVE DEFENSE

Defendant states as its Sixth Affirmative Defense, "Plaintiff lacks standing to seek injunctive relief for the removal of barriers not actually encountered and of which there was no notice at the time of the filing of this Complaint."

As its Seventh Affirmative Defense, Defendant alleges, "Plaintiff lacks standing to bring this action for relief against R G Group in that Plaintiff has never patronized the Property and has no definite intention of patronizing the Property in the future. Plaintiff's alleged desire to seek access to the Property is not for the purpose of using the Property or obtaining access to the goods and services therein, but solely for the purpose of determining compliance with the ADA. Therefore Plaintiff's Complaint should be dismissed pursuant to Rule 12(b)(1) of the Rules of Civil Procedure. Church v. City of Huntsville, 30 F.3d 1332 (11th Cir. 1994); Resnick v. Magical Cruise Company Ltd., 148 F. Supp. 2d 1298 (M.D. Fla. 2001); Deck v. American Hawaii Cruises, Inc., 121 F. Supp. 2d 1292 (D. Haw. 2000); Brother v. CPL Investments, Inc., 317 F. Supp. 2d 1358 (S.D. Fla. 2004).

As its Eighth Affirmative Defense, Defendant states, "Plaintiff lacks standing to bring an action for relief against R G Group for purported discrimination and denial of access to goods, services, facilities or portions of the Property (a) to which Plaintiff did not seek access

prior to filing of this action; (b) of which Plaintiff had no knowledge prior to commencement of this action, and (c) that are not related to Plaintiff's disabilities. *Access Now, Inc. v. South Florida Stadium Co.*, 161 F. Supp. 2d 1249 (S.D. Fla. 2001); *Brother v. CPL Investments, Inc.*, 317 F. Supp. 2d 1358 (S.D. Fl 2004).

These defenses must be stricken because lack of standing is not a valid affirmative defense in federal practice. See *Lugo v. Crestwood Square, Ltd.*, Case No. 11-80566-Civ-Ryskamp/Vitunac (S.D. Fla. October 25, 2011) citing *In Re Ackerman*, 247 B.R. 336, 339 (M.D. Fla. 2000) ("[S]tanding is not an affirmative defense under federal law. This is true because plaintiffs bear the burden of pleading and proving standing." *Lugo v. Crestwood Square, Ltd.*, Id. citing *Native American arts, Inc. v. The Waldron Corp.*, 253 F.Supp.2d 1041, 1045 (N.D. Ill. 2003) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561; *Indemnified Capital Investors, S.A. v. R.J. O'Brien & Assoc.*, 12 F.3d 1406, 1408 (7th Cir. 1993)). "Lack of standing is a basis for dismissal of the complaint if it is established, and it should be asserted by a motion to dismiss, not by an affirmative defense." *Lugo v. Crestwood*, Supra. citing *In Re Ackerman*, 247 B.R. 336, 339 (M.D. Fla. 2000).

Even if lack of standing was properly asserted as an affirmative defense, Article III requires a plaintiff to demonstrate three things which Plaintiff has alleged in his Complaint: that he has suffered an "injury in fact" (paragraphs 3 and 9 of Plaintiff's Complaint); that the injury was causally connected to the defendant's action (paragraphs 10, 11 and 14 of Plaintiff's Complaint); and that the injury will be redressed by judgment in his favor (paragraphs 16 and 18 of Plaintiff's Complaint). *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). Discrimination suffered in violation of the ADA is an injury sufficient to give rise to an Article III case or controversy. See *Parr v. L & L Drive-Inn Restaurant*, 96

7

F.Supp.2d 1065, 1079 (D.Haw.2000). In the present case, Plaintiff has properly alleged sufficient facts to demonstrate his standing to maintain this lawsuit.

Defendant's assertions in these defenses that Plaintiff lacks standing to seek injunctive relief for the removal of barriers not actually encountered is incorrect. This Court held in *Fox v. Morris Jupiter Associates, LLC*, Case No. 05-80689-CIV-MARRA (S.D. Fla. September 25, 2007) that although a plaintiff must have "actual knowledge" of a barrier in order to have standing to challenge such a barrier, he need not confront each barrier or instance of discrimination in order to demonstrate his standing to sue. See *Fox*, Id. citing *Access Now, Inc. v. South Florida Stadium Corp.*, 161 F.Supp 2d. 1357 (S.D. Fla. 2007). ("With respect to the doorway thresholds, the ADA cannot be read to require a plaintiff to subject himself to repeated discrimination by attempting to cross a threshold of each individual store.

As to Defendant's allegations that Plaintiff lacks standing because he never patronized the Property, he has no definite intention of patronizing the Property in the future and his alleged desire to seek access to the Property is not for the purpose of using the Property or obtaining access to the goods and services therein, but solely for the purpose of determining compliance with the ADA, these are nothing more than redundant denials of the allegations in Plaintiff's Complaint and redundant to each other and should therefore be stricken.

### DEFENDANT'S NINTH AFFIRMATIVE DEFENSE

Defendant alleges as its Ninth Affirmative Defense, "Plaintiff has failed to allege the removal of barriers he seeks are readily achievable..." This defense must be stricken because it is, as a quick reading of the Complaint reveals, untrue. Contrary to what Defendant contends, Plaintiff alleges in paragraph 14 of his Complaint:

"14. The removal of the physical barriers, dangerous conditions and ADA violations set forth herein is readily achievable and can be accomplished and carried out without much difficulty or expense. 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9)."

Based upon the foregoing, Defendant's Ninth Affirmative Defense must be stricken.

## **DEFENDANT'S TENTH and ELEVENTH AFFIRMATIVE DEFENSES**

Defendant alleges as its Tenth Affirmative Defense, "The property that is the subject of this action and the barriers of which Plaintiff complains were built prior to the effective date of the ADA, i.e., prior to January 25, 1993, the ADA does not require such facilities to adhere to the published regulations of the Department of Justice for new construction, as alleged by Plaintiff, but requires owners of public accommodations to only "remove architectural barriers, and communication barriers that are structural in nature, in existing facilities...where such removal is readily achievable. 42 U.S.C. §12182(b)(2)."

As its Eleventh Affirmative Defense, Defendant alleges, "To the extent Defendant did not design, construct, build or modify the architectural barriers complained of by Plaintiff or install or create any such barriers, R G Group is required only to "remove architectural barriers, and communication barriers that are structural in nature, in existing facilities...where such removal is readily achievable. 42 U.S.C. §12182(b)(2). See, e.g., *Rodriguez v. Investco, LLC*, 305 F.Supp.2d 1278 (M.D. Fla. 2004)."

These defenses must be stricken because not only are both defenses and Defendant's Fifth Affirmative Defense redundant, they are nothing more than denials of paragraph 14 of Plaintiff's Complaint. When a defendant's assertion is (i) a denial rather than an affirmative defense, which was (ii) already denied in the answer to the complaint, the court will strike the alleged affirmative defense for being redundant (*Wiemer v. Felberbaum & Associates, P.A. v. ADP Totalsource III, Inc.*, Case No. 07-80934-Civ-Marra/Johnson (S.D. Fla. February 1, 2008).

9

Moreover, while it is true that facilities existing on January 25, 1993 need only make modifications when said modifications are readily achievable, the Department of Justice's published regulations are relevant for the purpose of evaluating whether architectural barriers are present in existing construction. See *Ramnarine v. CSMC 2007-C1 Military Retail, LLC, et al.*, Case No. 11-80076-Civ-Ryskamp/Vitunac (DE 21, June 7, 2011, pages 5 and 6) citing *Parr v. L & L Drive-Inn Restaurant*, 96 F.Supp.2d 1065, 1086 (D. Haw. 2000).

In addition, Defendant's Tenth Affirmative Defense is not true. If a pre-1992 facility was altered after 1992, the facility's owner is required to make those altered portions of the facility readily accessible to and usable by individuals with disabilities to the "maximum extent feasible" which mandates accessibility unless the nature of the facility being altered makes it virtually impossible to comply. 42 U.S.C. §12183(a)(2).

## DEFENDANT'S TWELFTH AFFIRMATIVE DEFENSE

Defendant alleges as its Twelfth Affirmative Defense, "Alternatively, Defendant has and intends to remove such barriers whose removal is readily achievable and was and is in the continuing process of removing same when this action was filed; and has sought to provide alternative facilities or access for those that were not, and Plaintiff's claims for attorneys fees and costs should be denied under the authority of *Buckhannon Board & Care Home v. West Virginia Department of Health and Human Resources*, 532 U.S. 855 (2001)." In other words, Defendant is alleging that because it has plans and intends to make its facility ADA accessible at some point in the future, this action is moot and Plaintiff is entitled to neither injunctive relief nor attorneys' fees, costs and litigation expenses. This defense should be stricken not only because it is conclusory, vague and ambiguous, but because "planning" or "intending" to make its facility ADA compliant is not a defense.

10

## DEFENDANT'S THIRTEENTH AFFIRMATIVE DEFENSE

Defendant states as its Thirteenth Affirmative Defense, "Plaintiff has not alleged what remedial action with respect to each alleged violation of the ADA should be taken; and alleges there may be other unknown violations, its is impossible to determine at this time whether the remedial actions that may be sought by Plaintiff are or are not readily achievable due to the nature, age and structure of the building in which the remediation must be made, and considering the loss or reduction of sales or service area that may result. Therefore in an abundance of caution, Defendant asserts the statutory defense that any particular relief that may be sought by Plaintiff may not be readily achievable."

This defense must be stricken because not only is it and Defendant's Fifth, Tenth and Eleventh Affirmative Defenses redundant, at best, it is nothing more than a denial of paragraph 14 of Plaintiff's Complaint and when a defendant's assertion is (i) a denial rather than an affirmative defense, which was (ii) already denied in the answer to the complaint, the court will strike the alleged affirmative defense for being redundant (*Wiemer v. Felberbaum & Associates, P.A. v. ADP Totalsource III, Inc.*, Case No. 07-80934-Civ-Marra/Johnson (S.D. Fla. February 1, 2008).

## DEFENDANT'S FOURTEENTH AFFIRMATIVE DEFENSE

Defendant alleges as its Fourteenth Affirmative Defense, "Plaintiff has not alleged what remedial action with respect to each alleged violation should be taken and alleges there may be other unknown violations. It is impossible to determine at this time whether the remedial actions that may be sought by Plaintiff would or would not cause undue economic hardship upon R G Group in consideration of the cost thereof and the finances and resources available to do so and/or would risk destruction of the economic viability of R G Group's business. R G Group therefore does not at this time raise the affirmative defense that the actions Plaintiff seeks

would cause it undue hardship; but in an abundance of caution R G Group reserves the right to assert the statutory defense that any particular relief that may be sought by Plaintiff would cause it undue hardship."

This defense must be stricken because "undue hardship" is the standard contained in Title I of the Americans With Disabilities Act relating to reasonable accommodation in employment" (see 42 U.S.C. § 12112(b)(5)(A)) and is not a standard under Title III of the Americans With Disabilities Act.

Furthermore, a reservation of rights is not a matter "properly pleaded as an affirmative defense." *Hydra-Stop, Inc. v. Seven Trent Environmental Services, Inc.*, Case No. 03-C-4843 (N.D.Ill. Dec 03, 2003). Moreover, it is unnecessary to explicitly reserve a right to plead affirmative defenses, as "there is no procedure for reserving a right to plead affirmative defenses at a latter date." *Dresser Industries, Inc. v. Pyrrhus AG*, 936 F.2d 921, 928 n. 6 (7th Cir. 1991).

Based upon the foregoing and because Defendant actually admits that it is not raising "undue hardship" as an affirmative defense in this Fourteenth Affirmative Defense, Defendant's so-called Fourteenth Affirmative Defense should be stricken.

## DEFENDANT'S FIFTEENTH AFFIRMATIVE DEFENSE

Defendant alleges as its Fifteenth Affirmative Defense, "Plaintiff has not alleged what remedial action with respect to each alleged violation should be taken and alleges there may be other unknown violations. It is impossible to determine at this time whether the remedial actions that may be sought by Plaintiff would or would not cause unreasonable risk of to the safety or health of others or would violate the health and safety laws applicable to the Property, and therefore in an abundance of caution Defendant assert that the relief sought may cause unreasonable risk to the safety or health of others or would violate the health safety, building or land use laws of the jurisdiction in which it is located."

12

This defense must be stricken because the "direct threat to the safety or health of others" standard espoused in this defense is immaterial to mobility related barrier removal at the property. See *Ramnarine v. MSKP River Bridge, LLC*, Case No. 11-CV-81187-RYSKAMP/VITUNAC (S.D. Florida - DE 16, pages 6 and 7 - February 17, 2012) ("This direct threat defense applies to employment discrimination claims brought under Title I, whereas Plaintiff's claims are brought under Title III.") and *Moses v. Am. Nonwovens, Inc.*, 97 F.3d 446, 447 (11th Cir. 1996) ("The Court further finds Defendant's defense that the requested modifications would "threaten the health and safety of Plaintiff or others" to be an invalid as a matter of law) and *Nunes v. Wal-Mart Stores, Inc.*, 164 F.3d 1243, 1247 (9th Cir. 1999) ("employer may fire a disabled employee if the disability renders the employee a 'direct threat' to his own health or safety") and 42 U.S.C. §§ 12111(3), 12113(b).

Based upon the foregoing Defendant's Fifteenth Affirmative Defense should be stricken with prejudice.

## DEFENDANT'S SIXTEENTH AFFIRMATIVE DEFENSE

Defendant's Sixteenth Affirmative Defense states, "Plaintiff is not entitled to recovery of Plaintiff's attorneys' fees and litigation expenses due to Plaintiff's failure to seek voluntary compliance or give prior notice prior to filing suit." This defense should be stricken with prejudice because, as stated above in support of Plaintiff's argument to strike Defendant's Second, Third and Fourth Affirmative Defenses, there is no exhaustion requirement under the ADA and Plaintiff is entitled to attorneys' fees pursuant to 42 U.S.C. §12205 if he prevails. Moreover, this allegation is nothing more than a denial of paragraph 16 of Plaintiff's Complaint wherein he pleads statutory entitlement to attorneys' fees, costs and litigation expenses. Thus, as the Sixteenth Affirmative Defense is nothing more than a redundant denial and there is no pre-

suit notice requirement to trigger entitlement to statutory attorneys' fees, costs and litigation expenses under the ADA, it should be stricken with prejudice.

## MOTION TO STRIKE DEFENDANT'S DEMAND FOR ATTORNEY'S FEES

In its Wherefore clause, Defendant states that it requests that the Court award to it attorneys' fees. This request should be stricken with prejudice because the Supreme Court and the Eleventh Circuit has held that a civil rights plaintiff such as Plaintiff "should not be assessed his opponent's attorney's fees unless a court finds that his claim was frivolous, unreasonable, groundless, or that the plaintiff continued to litigate after it clearly became so." *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412,421 (1978)(cautioning courts to avoid finding action was unreasonable simply because plaintiff did not ultimately prevail); *Bruce v. City of Gainesville, Georgia*, 177 F.3d 949 (11th Cir. 1999); *Sullivan v. School Board of Pinellas County*, 773 F.2d 1182 (11th Cir. 1985). In the instant case, Defendant has made no claim whatsoever that Plaintiff's claim in this matter against it is frivolous, unreasonable, groundless, or that the Plaintiff continued to litigate after it clearly became so. Since there is no assertion that Plaintiff's claims are frivolous, unreasonable, groundless or that Plaintiff continued to litigate after it clearly became so, Defendant's demand for attorneys' fees must be stricken. See also *Ramnarine v. MSKP River Bridge, LLC*, Id. ("Defendant attempts to turn Rule 8 on its head by asserting a completely unsubstantiated claim on the off chance that at some time in the future Defendant will be able to gather the necessary supporting facts. This shall not be permitted. Even assuming Defendant is alter able to prove its entitlement to attorneys' fees, such a request is more appropriately made by a motion for attorneys' fees and costs after the disposition of Plaintiff's claims.")

## CONCLUSION

As a matter of law, Defendant's Second through Sixteenth Affirmative Defenses to Plaintiff's Complaint are legally insufficient, not legally cognizable and/or immaterial and these defenses and Defendant's demand for attorneys' fees should be stricken.

WHEREFORE, Plaintiff David Ramnarine respectfully requests that this Court enter an Order striking Defendant's Second through Sixteenth Affirmative Defenses and its demand for attorneys' fees and for such other relief as this court deems proper and appropriate.

## CERTIFICATE OF GOOD FAITH CONFERENCE; CONFERRED BUT UNABLE TO RESOLVE ISSUES PRESENTED IN THE MOTION

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues but has been unable to resolve the issues.

s/Drew Levitt
DREW LEVITT, ESQ.
E-mail: dml2@bellsouth.net
Florida Bar No: 782246
LEE D. SARKIN, ESQ.
E-mail: lsarkin@aol.com
Florida Bar No. 962848
Attorneys for Plaintiff
4700 N.W. Boca Raton Blvd.
Suite 302
Boca Raton, Florida 33431
Telephone (561) 994-6922
Facsimile (561) 994-0837

15

## **CERTIFICATE OF SERVICE**

      I hereby certify that on May 14, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the forgoing document is being served this day on all counsel of record or pro se parties identified on the Service List below in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically, Notices of Electronic Filing.

                                                              s/Lee D. Sarkin
                                                              LEE D. SARKIN, ESQ.

## SERVICE LIST

### David Ramnarine v. R G Group, Inc.

### CASE NO. 12-80264-CIV-MARRA/BRANNON
### United States District Court Southern District of Florida

Mark R. Boyd, Esq.
E-mail: mboyd@dldlawyers.com
DeMahy Labrador Drake et al.
Attorneys for RG Group, Inc.
6400 North Andrews Avenue
Suite 500
Fort Lauderdale, Florida 33309
Telephone (954) 229-9951
Facsimile (954) 229-9778
Via CM/ECF