UNITED STAES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-80264-CIV-MARRA/BRANNON

DAVID RAMNARINE,

      Plaintiff,

vs.

RG GROUP, INC.,

      Defendant,

_____/

## RESPONSE TO PLAINTIFF'S MOTION TO STRIKE DEFENDANT R G GROUP, INC.'S SECOND THROUGH SIXTEENTH AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT AND INCORPORATED MEMORANDUM OF LAW

### STANDARD

Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, a party may move to strike "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P.12(f). "A defense is insufficient as a matter of law only if: (1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law." *Felberbaum v. Assoc.s, P.A.*, 07-80934-Civ-Marra/Johnson (S.D. Fla. February 1, 2008), citing to *Microsoft Corp. v. Jesse's Computers & Repair*, Inc. 211 F.R.D. 681, 683 (M.D. Fla. 2002).

Motions to strike, however, are generally disfavored by the court. See *Felberbaum*, 07-80934-Civ-Marra/Johnson, WL 299016 at * 1, citing to *Williams v. Jader Fuel Co.*, 944 F. 2d 1388, 1400 (7th Cir. 1991). Furthermore, motions to strike are considered to be a "drastic remedy to be resorted to only when required for the purposes of justice." *Felberbaum*, 07-80934-Civ-Marra/Johnson, WL 299016 at *1; *See Augustus v. Bd. Of Pub. Instruction of Escambia Cnty. Fla.*, 306 F. 2d 862, 868 (5th Cir. 1962). Unless it would prejudice the opposing

party, courts freely grant leave to amend stricken pleadings. *Wyshak v. City Nat'l Bank,* 607 F.2d 824, 826 (9th Cir.1979); *See* also Fed.R.Civ.P. 15(a)(2).

<u>**DEFENDANT'S SECOND AFFIRMATIVE DEFENSE**</u>

The Plaintiff's Motion to Strike the Defendant's Second Affirmative Defense should be denied.  The Defendant's Second Affirmative Defense states that "the Plaintiff failed to mitigate damages by failing to request any needed accommodation prior to filing suit.  R G Group at all times material has been willing to voluntarily accommodate the Plaintiff."  The Plaintiff asserts that the Defendant's Second Affirmative Defense is irrelevant and should be stricken with prejudice because notice to a defendant is not a prerequisite to filing a Title III ADA suit.

The Defendant's Second Affirmative Defense should not be struck because it raises the defense that, if in fact the Plaintiff's access to the Defendant's Property was impeded by his disability, the Defendant has at all times been willing and ready to accommodate the Plaintiff under the applicable ADA standard.  The ADA requires that places of public accommodation built before the enactment of the ADA in January of 1993, such as the Defendant's Property, need only remove architectural barriers when doing so is readily achievable, or, if removal is not readily achievable, "the public accommodation must make its goods or services available to the disabled through alternative methods, if such alternative methods are readily achievable." *Assoc. for Disabled Ams, Inc. v. Concorde Gaming Corp.*, 158 F.Supp 2d 1353, 1362. (S.D. Fla. 2001). The Defendant's Second Affirmative Defense states that the Defendant has at all times been willing to voluntarily accommodate the Plaintiff (i.e., through alternative methods) to the extent doing so would be readily achievable, but the Defendant had no opportunity because the Plaintiff never sought accommodation prior to filing suit.   The Motion to Strike as to Defendant's Second Affirmative Defense should be denied.

## DEFENDANT'S THIRD AFFIRMATIVE DEFENSE

The Defendant concedes its Third Affirmative Defense should be stricken.

## DEFENDANT'S FOURTH AFFIRMATIVE DEFENSE

The Defendant concedes its Fourth Affirmative Defense should be stricken.

## DEFENDANT'S FIFTH AFFIRMATIVE DEFENSE

The Plaintiff's Motion to Strike the Defendant's Fifth Affirmative Defense should be denied.  The Defendant's Fifth Affirmative Defense states that "to the extent an ADA violation continues to exist at the Property, this is due only to the fact that accommodation is not readily achievable."  The Plaintiff claims that the Defendant's Fifth Affirmative Defense must be struck because it is nothing more than a denial of paragraph 14 of the Complaint, which states that "the removal of the physical barriers, dangerous conditions and ADA violations set forth herein is readily achievable and technically feasible." See Compl., 14.

The Defendant's Fifth Affirmative Defense does more than deny paragraph 14; however, it raises a legal defense to the Title III discrimination claim itself because it asserts that, to the extent that there may be an ADA violation on the Property, that violation would be excusable under the "readily achievable" standard applied to existing facilities constructed before enactment of the ADA in 1993.  See *Access Now, Inc. v. South Fla. Stadium Corp.*, 161 F.Supp 2d 1357, 1362 (S.D. Fla. 2001) (stating that the ADA "imposes a less rigorous standard of compliance on "existing facilities" constructed before it's enactment on January 26, 1993… require[ing] only *reasonable* modifications and *readily achievable* barrier removals… when the disabled are subjected to de facto discrimination in places of public accommodation").  Thus, the real substance of the Defendant's Fifth Affirmative Defense is that the Plaintiff is holding the Defendant to the standard of full compliance with all ADA regulations (the standard applied to

3

buildings constructed after enactment of the Act) rather than holding it to the lesser standard applied to buildings constructed before passage of the Act (such as the Defendant's building).

On these grounds, Plaintiff's Motion to Strike Defendant's Fifth Affirmative Defense should be denied.  But even if this Court were to find that the defense is actually a denial of paragraph 14 of the Complaint, the Defendant's Fifth Affirmative Defense should simply be treated as a denial rather than being stricken from the pleadings because this Court has held that where an affirmative defense is really a denial, and the plaintiff fails to demonstrate that the defense "has no possible relation to the controversy, confuses the issues, or causes injury to any of the parties… the proper remedy is not to strike the claim, but instead to treat the claim as a… denial." *D. Perez-Nunez v. North Broward Hospital District*, No. 08-61583, WL 723873, at *1 (S.D. Fla. Mar. 13, 2009) citing to *Bluewater Trading LLC v. Willmar USA, Inc.*, No. 07-61284, WL 4179861 at *2 (S.D. Fla. Sept. 9, 2008).   Therefore, the Defendant's Fifth Affirmative Defense should be upheld, but if it is not, it should be treated as a denial rather than being struck from the pleadings.

## DEFENDANT'S SIXTH, SEVENTH, AND EIGHTH AFFIRMATIVE DEFENSES

The Plaintiff's Motion to Strike the Defendant's Sixth, Seventh, and Eighth Affirmative Defenses should be denied because standing can be raised as a valid affirmative defense.  The Defendant's Sixth Affirmative Defense claims that "the Plaintiff lacks standing to seek injunctive relief for the removal of barriers not actually encountered and of which there was no notice at the time of the filing of this Complaint."  The Defendant's Seventh Affirmative Defense claims that "Plaintiff lacks standing to bring this action for relief against R G Group in that Plaintiff has never patronized the Property and has no definite intention of patronizing the Property in the future.  Plaintiff's alleged desire to seek access to the Property is not for the

purpose of using the Property or obtaining access to the goods and services therein, but solely for the purpose of determining compliance with the ADA.  Therefore Plaintiff's Complaint should be dismissed pursuant to Rule 12(b)(1) of the Rules of Civil Procedure."  The Defendant's Eighth Affirmative Defense claims that "Plaintiff lacks standing to bring an action for relief against R G Group for purported discrimination and denial of access to goods, services, facilities or portions of the Property (a) to which Plaintiff did not seek access prior to filing of this action; (b) of which Plaintiff had no knowledge prior to commencement of this action, and (c) that are not related to Plaintiff's disabilities."

The Plaintiff asks this Court to strike the Defendant's Sixth, Seventh, and Eighth Affirmative Defenses, claiming that lack of standing is not a valid affirmative defense in Federal practice.  In support of this assertion, the Plaintiff relies on *In Re Ackerman*, where the court noted that lack of standing is not an affirmative defense specifically listed in Rule 8 of the Federal Rules of Civil Procedure, and suggested that "lack of standing should be asserted as a motion to dismiss."  *In Re Ackerman*, 247 B.R. 336, 339 (M.D. Fla. 2000).  In that case, however, the Court struck the affirmative defense on the grounds that standing had been established, not on the grounds that standing is not a valid affirmative defense.  *Id*.

The Plaintiff's conclusion that standing cannot be raised as an affirmative defense is incorrect.  Recently, in *Marley v. Jetshares Only, LLC*, this Court denied a motion to strike an affirmative defense asserting 'lack of standing' because "the plaintiff failed to show that standing is an insufficient defense as a matter of law or that [plaintiff] would be prejudiced by allowing the defendants to continue to assert this affirmative defense."  *Marley v. Jetshares Only, LLC*, No. 10-23178, WL 2607095 at *7 (S.D. Fla. June 30, 2011).  Similarly, the U.S. District Court for the Middle District of Florida recently denied a motion to strike a 'lack of standing'

affirmative defense because the viability of the defense depended on facts that remained to be discovered and proven. *Am. Home Assurance Co. v. Weaver Aggregate Transp., Inc.*, No. 5:10-cv-329. WL 4346576 at *5 (M.D. Fla. September 16, 2011). Like the Plaintiff in *Marley*, the Plaintiff in this case has failed to show that prejudice would result from allowing the Defendant to assert his Sixth, Seventh, and Eighth Affirmative Defenses. And like the affirmative defenses raised by the defendant in *Am. Home Assurance Co.*, in this case, the viability of the Defendant's Sixth, Seventh, and Eighth Affirmative Defenses depends on facts that remain to be discovered and proven. The Defendant's Six, Seventh, and Eighth Affirmative Defenses asserting the Plaintiff's lack of standing to bring this claim should therefore be upheld, and Plaintiff's Motion to Strike as to those defenses denied.

The Plaintiff argues in the alternative that the Defendant's assertion that Plaintiff lacks standing to bring a claim for removal of barriers not actually encountered is improper, because a plaintiff doesn't need to confront each barrier or instance of discrimination in order to have standing to sue, he simply needs "actual knowledge" of the barrier. It is well established, however, that a plaintiff in an Article III ADA case only has standing to bring claims for barriers that affect him specifically, and "lacks standing to complain about violations on behalf of all disabled individuals." *Access Now, Inc. v. S. Fla. Stadium Corp.*, 161 F. Supp 2d, 1357, at. 1364, citing to *Lewis v. Casey*, 518 U.S. 343, 358 n. 6 (1995). The Plaintiff's argument doesn't address the fact that the Defendant's Eighth Affirmative Defense alleges that the Plaintiff did not have actual knowledge of the barriers prior to the commencement of this action, and that he has complained of barriers that do not affect his disability. For instance, the Plaintiff's Complaint lists non-compliant signage as a barrier. See Compl., 12. j. But ADA Standard 216, dealing with signage, protects individuals disabled by blindness, and the Plaintiff in this case is not blind.

See Compl., 3. The Plaintiff's second argument is, therefore, equally unavailing, and the Defendant's Sixth, Seventh, and Eighth Affirmative Defenses should be upheld.

**DEFENDANT'S NINTH AFFIRMATIVE DEFENSE**

The Plaintiff's Motion to Strike the Defendant's Ninth Affirmative Defense should be denied. The Defendant's Ninth Affirmative Defense states that the "Plaintiff has failed to allege that the removal of barriers he seeks is readily achievable." The Plaintiff's Complaint asserts that "[t]he removal of the physical barriers, physical conditions and ADA violations set forth herein is readily achievable and is technically feasible." See Compl., 14.

The ADA defines "readily achievable" as "easily accomplishable and able to be carried out without much difficulty or expense." *42 U.S.C.* §12181(9). Most Courts have concluded that the plaintiff bears the initial burden of "presenting evidence tending to show that the suggested method of barrier removal is readily achievable under the particular circumstances." *Colo. Cross Disability Coal.s v. Hermanson Family Ltd*, 264 F.3d 999, 1002 (10th Cir. 2001); See also *Access Now, Inc. v. S. Fla. Stadium Co.*, 161 F. Supp. 2d 1357, 1369 (S.D. Fla. 2001). In *Access Now, Inc.*, this Court found, that where a disabled plaintiff requesting the removal of barriers submitted a one paragraph expert opinion concluding the removal of the barriers could be "accomplished easily and without much difficulty or expense" the plaintiff had not met his burden of showing that the renovation was readily achievable. *Access Now, Inc.*, 161 F. Supp. 2d at 1371. In this case, the Plaintiff's assertion that the removal of barriers is readily achievable is even less well supported than the conclusory paragraph prepared by an expert for the plaintiff in *Access Now, Inc.*, and the Defendant, therefore, asserts the defense that the removal of any barriers is not readily achievable, and the Plaintiff has not presented evidence that they are. The Plaintiff's Motion to Strike Defendant's Ninth Affirmative Defense should be denied.

## DFEENDANT'S TENTH AND ELEVENTH AFFIRMATIVE DEFENSES

The Plaintiff's Motion to Strike the Defendant's Tenth and Eleventh Affirmative Defenses should be denied.  The Defendant's Tenth Affirmative Defense states that "the property that is the subject of this action and the barriers of which Plaintiff complains were built prior to the effective date of the ADA, ie., prior to January 25, 1993, the ADA does not require such facilities to adhere to the published regulations of the Department of Justice for new construction, as alleged by the Plaintiff, but requires owners of public accommodations to only "remove architectural barriers that are structural in nature, in existing facilities… where such removal is readily achievable." 42 U.S.C. § 12182(b)(2).""

The Plaintiff claims that the Defendant's Tenth Affirmative defense is merely a denial of paragraph 14 of the Complaint, which states that "the removal of the physical barriers, dangerous conditions and ADA violations set forth herein is readily achievable and technically feasible." See Compl., 14.  In fact, the Defendant's Tenth Affirmative Defense asserts a fact not in the Plaintiff's Complaint, the fact that the Defendant's facilities were built prior to the effective date of the ADA, and thus, are not subject to the ADA regulations which Plaintiff claims the Defendant is subject to.  See Compl., 7.

The Plaintiff further asserts that the Defendant's Tenth Affirmative Defense is improper because, under ADA standards, if a pre-1992 facility was altered after the 1992 ADA standards were implemented, those altered portions of the premises must comply with ADA standards. The Plaintiffs statement is erroneous, however, because the Plaintiff has not asserted that the Defendant made any post 1992 alterations.  The Plaintiff's Motion to Strike Defendant's Tenth Affirmative Defense should be denied.

The Defendant's Eleventh Affirmative Defense states that "to the extent R G Group did not

design, construct, build or modify the architectural barriers complained of by Plaintiff or install or create any such barriers, R G Group is required only to remove architectural barriers that are structural in nature, in existing facilities… where such removal is readily achievable."   The Defendant's Eleventh Affirmative Defense is not a denial of paragraph 14 of the Plaintiff's Complaint, as Plaintiff asserts, but a statement of the Defendant's right to assert as a defense that, where the Defendant did not design, construct, build or modify an architectural barriers complained of by Plaintiff after the 1992 benchmark date for ADA regulation, the Defendant is only required to remove such barriers where removal is readily achievable, and the Defendant is not required to be in full compliance with ADA guidelines as the Plaintiff asserts in paragraph 7 of his Complaint.

The Defendant's Eleventh Affirmative Defense should therefore be upheld, but even if it is not, this Court should treat the Defendant's Eleventh Affirmative Defense as a denial rather than striking it from the pleadings because this Court has held that where an affirmative defense is really a denial, and the plaintiff fails to demonstrate that the defense "has no possible relation to the controversy, confuses the issues, or causes injury to any of the parties… the proper remedy is not to strike the claim, but instead to treat the claim as a… denial." *D. Perez-Nunez v. North Broward Hospital District*, No. 08-61583, WL 723873 at *1 (S.D. Fla. Mar. 13, 2009) citing *Bluewater Trading LLC v. Willmar USA, Inc.*, No. 07-61284, WL 4179861 at *2 (S.D. Fla. Sept. 9, 2008).   Therefore, the Defendant's Eleventh Affirmative Defense should be upheld, but if it is not, it should be treated as a denial rather than being struck from the pleadings.

## DEFENDANT'S TWELFTH AFFIRMATIVE DEFENSE

The Plaintiff's Motion to Strike the Defendant's Twelfth Affirmative Defense should be denied.  The Defendant's Twelfth Affirmative Defense states that "R G Group has and intends to

remove [those] barriers whose removal is readily achievable and was in and is in the continuing process of removing same when this action was filed; and has sought to provide alternate facilities or access for those that were not, and Plaintiff's claims for attorneys fees and costs should be denied under the authority of *Buckhannon Board & Care Home v. West Virginia Department of Health and Human Resources*, 532 U.S. 598 (2001)." In *Buckhannon Bd. & Care Home*, the Court held that, for purposes of Federal statutes authorizing the award of attorney's fees and costs to the prevailing party, the term "prevailing party" does not include "a party that has failed to secure a judgment on the merits or a court-ordered consent decree, but has nonetheless achieved the desired result because the lawsuit brought about a voluntary change in the defendant's conduct." *Buckhannon B.d & Care Home v. W. Va. Dep't of Health and Human Res.'s*, 532 U.S. 598, 600 (2001).

The Plaintiff has mischaracterized the Defendant's Twelfth Affirmative Defense, stating that the Defendant's plans to make it's facilities ADA accessible *in the future* do not rise to an affirmative defense *in the present*.  But the Defendant's Twelfth Affirmative Defense clearly asserts that, before the Plaintiff filed this action, the Defendant had already begun removing architectural barriers in order to achieve compliance with ADA standards.  Therefore, the Defendant asserts that the removal of architectural barriers which has already occurred or that was already planned before the Plaintiff filed this action were brought about through "a voluntary change in the [D]efendant's conduct" and thus, for purposes of those renovations, the Plaintiff cannot be awarded attorneys fees or costs as a "prevailing party" under the authority of *Buckhannon Bd. & Care Home.  Id*.;  See also, *Kallen v. J.R. Eight, Inc.*, 775 F.Supp. 2d 1374, 1381 (S.D. Fla. 2011) (holding that "a Plaintiff who initiates a lawsuit that causes the Defendant to voluntarily remedy ADA violations is not a prevailing party for purposes of Attorney's fees,

and is not entitled to collect costs and fees.")  The Plaintiff's Motion to Strike Defendant's Twelfth Affirmative Defense should be denied.

## DEFENDANT'S THIRTEENTH AFFIRMATIVE DEFENSE

The Plaintiff's Motion to Strike the Defendant's Thirteenth Affirmative Defense should be denied.  The Defendant's Thirteenth Affirmative Defense states that the "Plaintiff has not alleged what remedial action with respect to each alleged violation of the ADA should be taken; and alleges there may be other unknown violations, it is impossible to determine at this time whether the remedial actions that may be sought by Plaintiff are or are not readily achievable due to the nature, age and structure of the building in which the remediation must be made, and considering the loss or reduction of sales or service area that may result.  Therefore in an abundance of caution, R G Group asserts the statutory defense that any particular relief that may be sought by Plaintiff may not be readily achievable."

The Plaintiff states that the Defendant's Thirteenth Affirmative Defense must be stricken because it is just a denial of the assertion in his Complaint that "[t]he removal of the physical barriers, dangerous conditions and ADA violations set forth herein is readily achievable and is technically feasible."  See Compl., 14.  The Defendant's Thirteenth Affirmative Defense clearly does more than deny the allegations of the Plaintiff's complaint; the Defendant's Thirteenth Affirmative Defense asserts that, because the Plaintiff has not specifically alleged what physical barriers the Plaintiff seeks to have the Defendant remove, it cannot be ascertained whether the requested removal is "readily achievable," and the Defendant therefore challenges the feasibility of any specific request for the removal of physical barriers that the Plaintiff may make in the future.  The Plaintiff's Motion to Strike Defendant's Thirteenth Affirmative Defense should be denied.

But even if this Court were to find that the Defendant's Thirteenth Affirmative Defense is a denial of the Plaintiff's Complaint, this Court should follow the precedent it set in *Marley v. Jetshares Only, LLC*, and treat the Affirmative Defense as a specific denial, rather than striking it from the pleadings.  *See Marley v. Jetshares Only, LLC*, No. 10-23178, WL 2607095 at *7 (S.D. Fla. June 30, 2011).  (Where this Court found that, even though the asserted defenses pointed out defects in the Plaintiff's *prima facie* case, and therefore were not true affirmative defense, the court would treat them as specific denials rather than granting a motion to strike, because "it is more consistent with the disfavored status of motions to strike").  Therefore, this Court should either deny the Plaintiff's Motion to Strike the Defendant's Thirteenth Affirmative Defense, or preserve the Defense as a specific denial.

**DEFENDANT'S FOURTEENTH AFFIRMATIVE DEFENSE**

The Defendant concedes its Fourteenth Affirmative Defense should be stricken.

**DEFENDANT'S FIFTEENTH AFFIRMATIVE DEFENSE**

The Defendant concedes its Fifteenth Affirmative Defense should be stricken.

**DEFENDANT'S SIXTEENTH AFFIRMATIVE DEFENSE**

The Defendant concedes its Sixteenth Affirmative Defense should be stricken.

WHEREFORE, Defendant, R G Group, Inc., respectfully requests the court deny the Plaintiff's Motion to Strike, with the exception of the defenses conceded herein above to be legally insufficient.

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 13th day of June, 2012, I filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on **Drew M. Levitt, Esq.** (DML2@bellsouth.net), **Lee D. Sarkin, Esq.**

(lsarkin@aol.com), **Counsel for Plaintiff**, 4700 NW Boca Raton Boulevard, Suite 302, Boca Raton, FL 33431 (Telephone: 561-994-6922) via Notice of Electronic Filing generated by CM/ECF.

s/Mark R. Boyd
Mark R. Boyd
Florida Bar No.:  0217492
mboyd@dldlawyers.com
Demahy Drake Labrador Victor
    Payne & Cabeza
6400 North Andrews Avenue, Suite 500
Fort Lauderdale, Florida 33309
Telephone: (954) 229-9951
Facsimile: (954) 229-9778
**Counsel for R G Group, Inc.**