UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-80264-CIV-MARRA/BRANNON

DAVID RAMNARINE,

Plaintiff,

vs.

RG GROUP, INC.,

Defendant.
_____/

**OPINION AND ORDER**

This cause is before the Court upon Plaintiff David Ramnarine's Motion to Strike Defendant RG Group, Inc.'s Second through Sixteen Affirmative Defenses to Plaintiff's Complaint, Motion to Strike its Demand for Attorney's Fees (DE 9). The Court has carefully considered the Motion and is otherwise fully advised in the premises.

I.  Background

On March 9, 2012, Plaintiff filed an action for injunctive relief pursuant to Title III of the Americans with Disabilities Act , 42 U.S.C. § 12181 et seq. ("ADA") against Defendant. (DE 1.) Along with its Answer, Defendant asserted numerous affirmative defenses,[1] including the following:[2]

**Second Affirmative Defense**:

The Plaintiff failed to mitigate damages by failing to request any needed

---

[1] Defendant concedes that its third, fourth, fifteenth and sixteenth affirmative defenses should be stricken.

[2] For the sake of brevity, the Court has not included Defendant's citations to caselaw which are scattered throughout the affirmative defenses.

accommodation prior to filing suit. R G Group at all times material has been willing to voluntarily accommodate the Plaintiff.

**Fifth Affirmative Defense**:

To the extent an ADA violation continues to exist at the Property, this is due only to the fact that accommodation is not readily achievable.

**Sixth Affirmative Defense**:

Plaintiff lacks standing to seek injunctive relief for the removal of barriers not actually encountered and of which there was no notice at the time of the filing of this Complaint.

**Seventh Affirmative Defense**:

Plaintiff lacks standing to bring this action for relief against R G Group in that Plaintiff has never patronized the Property and has no definite intention of patronizing the Property in the future. Plaintiff's alleged desire to seek access to the Property is not for the purpose of using the Property or obtaining access to the goods and services therein, but solely for the purpose of determining compliance with the ADA.  Therefore Plaintiff's Complaint should be dismissed pursuant to Rule 12(b)(1) of the Rules of Civil Procedure.


**Eighth Affirmative Defense**:

Plaintiff lacks standing to bring an action for relief against R G Group for purported discrimination and denial of access to goods, services, facilities or portions of the Property (a) to which Plaintiff did not seek access prior to filing of this action; (b) of which Plaintiff had no knowledge prior to commencement of this action, and (c) that are not related to Plaintiff's disabilities.

**Ninth Affirmative Defense**:

Plaintiff has failed to allege the removal of barriers he seeks are readily achievable.

**Tenth Affirmative Defense**:

The Property that is the subject of this action and the barriers of which Plaintiff complains were built prior to the effective date of the ADA, i.e., prior to January 25, 1993, the ADA does not require such facilities to adhere to the published regulations of the Department of Justice for new construction, as alleged by Plaintiff, but requires

owners of public accommodations to only "remove architectural barriers, and communication barriers that are structural in nature, in exiting facilities … where such removal is readily achievable." 42 U.S.C. § 12182(b)(2).

**Eleventh Affirmative Defense**:

To the extent R G Group did not design, construct, build or modify the architectural barriers complained of by Plaintiff or install or create any such barriers, R G Group is required only to "remove architectural barriers, and communication barriers that are structural in nature, in existing facilities … where such removal is readily achievable." 42 U.S.C. § 12182(b)(2).

**Twelfth  Affirmative Defense**:

Alternatively, R G Group has and intends to remove such barriers whose removal is readily achievable and was and is in the continuing process of removing same when this action was filed; and has sought to provide alternate facilities or access for those that were not, and Plaintiff's claims for attorneys fees and costs should be denied under the authority of Buckhannon Board & Care Home v. West Virginia Department of Health and Human Resources, 532 U.S. 855 (2001).

**Thirteenth Affirmative Defense**:

Plaintiff has not alleged what remedial action with respect to each alleged violation of the ADA should be taken; and alleges there may be other unknown violations, it is impossible to determine at this time whether the remedial actions that may be sought by Plaintiff are or are not readily achievable due to the nature, age and structure of the building in which the remediation must be made, and considering the loss or reduction of sales or service area that may result. Therefore in an abundance of caution, R G Group asserts the statutory defense that any particular relief that may be sought by Plaintiff may not be readily achievable.

Plaintiff moves to strike these affirmative defenses, as well as Defendant's demand for

attorney's fees,[3] pursuant to Rule 12(f) of the Federal Rules of Civil Procedure.

II.  Legal Standard

Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, a party may move to strike

---

[3] Defendant demands attorney's fees pursuant to "applicable Federal statutes." (Wherefore clause, Answer and Affirmative Defenses to Complaint.)

"any redundant, immaterial, impertinent, or scandalous matter" within the pleadings. Fed. R. Civ. P. 12(f). Motions to strike, however, are generally disfavored by the court. See Williams v. Jader Fuel Co., 944 F.2d 1388, 1400 (7th Cir. 1991); Westfield Ins. Co. v. Northland Ins. Co., No. 08-80748-CIV, 2008 WL 4753994, at * 2 (S.D. Fla. Oct. 28, 2008). The reason is that courts consider striking a pleading to be a "drastic remedy to be resorted to only when required for the purposes of justice." Augustus v. Bd. of Pub. Instruction of Escambia County, Fla., 306 F.2d 862, 868 (5th Cir.1962)[4] (quoting Brown & Williamson Tobacco Corp. v. United States, 201 F.2d 819, 822 (6th Cir. 1953)); Exhibit Icons, LLC v. XP Companies, LLC, 609 F. Supp. 2d 1282, 1300 (S.D. Fla. 2009). That stated, an affirmative defense may be stricken if the defense is "insufficient as a matter of law." Microsoft Corp. v. Jesse's Computers & Repair, Inc., 211 F.R.D. 681, 683 (M.D. Fla. 2002) (citing Anchor Hocking Corp. v. Jacksonville Elec. Auth., 419 F. Supp. 992, 1000 (M.D. Fla. 1976)). A defense is insufficient as a matter of law only if: (1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law. Id.

### III. Discussion

Turning first to Affirmative Defense Two, the Court agrees that it must be stricken. The Eleventh Circuit has unequivocally stated that pre-suit notice is not required for Title III ADA claims. Association of Disabled Americans v. Neptune Designs, Inc., 469 F.3d 1357, 1359-60 (11th Cir. 2006). Thus, an affirmative defense that suggests Plaintiff had the burden to request an accommodation prior to filing suit is impermissible. Likewise, Defendant's alleged willingness

---

[4] The decisions of the United States Court of Appeals for the Fifth Circuit, as that court existed on September 30, 1981, handed down by that court prior to the close of business on that date, shall be binding as precedent in the Eleventh Circuit, for this court, the district courts, and the bankruptcy courts in the circuit. Bonner v. Pritchard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

to accommodate Plaintiff is irrelevant. See, e.g., Helen L v. DiDario, 46 F.3d 325, 335 (3d Cir. 1995) (Title III of the ADA would be eviscerated by conditioning its protections upon a finding of intentional or overt discrimination); Mayberry v. Von Valtier, 843 F. Supp. 1160, 1166 (E.D. Mich. 1994) ("Congress appears to have intended the ADA to address the discriminatory effects of benign actions or inaction, as well as intentional discrimination.")

With respect to Affirmative Defense Five, Plaintiff states it should be stricken because it is nothing more than a denial of paragraph fourteen of the Complaint.[5]  Defendant disagrees, stating that the "real substance" of this affirmative defense is that "Plaintiff is holding [ ] Defendant to the full standard of compliance with all ADA regulations (the standard applied to buildings constructed after enactment of the Act) rather than holding it to the lesser standard applied to buildings constructed before passage of the Act (such as Defendant's building.)" (Resp. at 4.) The Court agrees this affirmative defense is, in essence, a denial.  See In re Rawson Food Service, Inc., 846 F.2d 1343, 1349 (11th Cir. 1988) ("[a] defense which points out a defect in the plaintiff's prima facie case is not an affirmative defense.")  In fact, Defendant denies paragraph 14 of the Complaint in its Answer, thus making this affirmative defense redundant. (Answer ¶ 15.)  Hence, Affirmative Defense 5 is stricken.

Next, the Court will examine Plaintiff's argument that Affirmative Defenses six, seven and eight are legally insufficient because lack of standing is not a valid affirmative defense. Lack of standing, however, is a jurisdictional defense and thus may be raised at any time in the litigation.  Florida Ass'n of Med. Equip. Dealers v. Apfel, 194 F.3d 1227, 1230 (11th Cir.1999)

---

[5] Paragraph fourteen of the Complaint states, "The removal of the physical barriers, dangerous conditions and ADA violations set forth herein is readily achievable and is technically feasible."  (Compl. ¶ 14.)

(stating that "every court has an independent duty to review standing as a basis for jurisdiction at any time, for every case it adjudicates").While it is certainly true that lack of standing can be raised by way of motion,[6] Rule 12(b) also states that "[e]very defense to a claim for relief must be asserted in the responsive pleading if one is required." Fed. R. Civ. P. 12(b). Thus, Defendant is not required to raise this defense by motion as opposed to a responsive pleading.  The Court also rejects Plaintiff's argument that the Court should strike this affirmative defense because he has pled sufficient facts to demonstrate standing. (Mot. at 8.)  At the pleading stage, the Court will assume the truth of the facts asserted in both Plaintiff's Complaint and Defendant's Affirmative Defenses and not resolve factual disputes. See  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) ("the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted."); Holtzman v.  B/E Aerospace, No.  07-80551-CIV, 2008 WL 2225668, at * 1 (S.D. Fla. May 29, 2008) ("When considering a motion to strike an affirmative defense, the Court must accept as true the allegations in the affirmative defense.").  Hence, the Court denies Plaintiff's motion to strike affirmative defenses six, seven and eight.

On that same basis, the Court rejects Plaintiff's argument that affirmative defense nine must be stricken because it is "untrue" and contrary to the allegations made in paragraph fourteen of the Complaint.  (Mot. at 8-9.)  The Court does find, however, that this is not an affirmative defense, but a denial of Plaintiff's allegation that the removal of the physical barriers, dangerous conditions and ADA violations are readily achievable. (Compl.  ¶ 14.)  It is therefore redundant

---

[6] Rule 12(b) states that a party "may" assert various defenses, including lack of subject-matter jurisdiction, by way of motion. Fed. R. Civ. P. 12(b).

and will be stricken.

With respect to affirmative defense ten, Plaintiff contends it is a denial and must be stricken.[7] The ADA subjects properties to different modification standards depending on when the properties were constructed.  While newly constructed facilities must comply with the ADA's Accessibility Guidelines, 28 C.F.R., Part 36 (hereinafter, the "ADAAG"), existing facilities need only make modifications when said modifications are "readily achievable." 42 U.S.C. § 12182(b)(2)(A)(iv). "Readily achievable" means "easily accomplished and able to be carried out without much difficulty or expense." See also 28 C.F.R. § 36.304(a) (preexisting facilities must remedy accessibility barriers "where such removal is readily achievable, i.e., easily accomplishable and able to be carried out without much difficulty or expense"). Even if a facility is not required to comply with the ADAAG, the ADAAG are still relevant for the purpose of evaluating whether architectural barriers are present in existing construction. See Parr v. L & L Drive-Inn Restaurant, 96 F. Supp. 2d 1065, 1086 (D. Haw. 2000).  That stated, there is nothing improper about Defendant asserting an affirmative defense that it need not comply with the ADAAG for new construction.  For clarity sake, Defendant should amend this affirmative

---

[7] In lodging this affirmative defense, it appears Defendant has interpreted paragraph seven of the Complaint as stating that the 2010 regulations apply to this facility. Paragraph seven of the Complaint states:

> Pursuant to the mandates of 42 U.S.C. §12134(a), on September 15, 2010, the Department of Justice, Office of the Attorney General, published revised regulations for Title III of the Americans With Disabilities Act of 1990 in the Federal Register to implement the requirements of the ADA (hereinafter "STANDARDS"). Public accommodations are required to conform to these regulations on or before March 15, 2012.

(Compl. ¶ 7.)

defense to reflect that the regulation is relevant to existing construction.

Defendant is also granted leave to amend affirmative defense eleven.  In opposing the motion to strike this affirmative defense, Defendant points out that it seeks to assert that where a defendant did not design, construct, build or modify an architectural barrier *after the 1992 benchmark date for ADA regulation*, it is only required to remove such barriers where removal is readily achievable.  (Resp. at 9) (emphasis added).  The affirmative defense, as it stands, does not make this distinction regarding the benchmark date.  If Defendant amends the affirmative defense to reflect this statement, Plaintiff does not oppose this affirmative defense. (Reply at 8.)  Thus, the Court will permit amendment on this basis.

The Court also finds that the twelfth affirmative defense must be amended.  Defendant relies on  Buckhannon Bd. and Care Home, Inc. v. West Va. Dep't of Health and Human Resources, 532 U.S. 598 (2001) to support this affirmative defense.  This affirmative defense should reflect that Plaintiff may not be able to recover attorney's fees if Defendant removes all barriers from its facility prior to an alteration in the legal relationship of the parties. Id. at 605.  As the affirmative defense stands right now, Defendant appears to arguing that Buckhannon would apply because it intends to remove barriers in the future.  The Court disagrees and is not persuaded by Defendant's reliance on Kallen v. J.R. Eight, Inc., 775 F. Supp. 2d 1374 (S.D. Fla. 2011).  In Kallen, the Court dismissed the amended complaint for lack of standing and mootness based on the defendant remedying the alleged violations. Id. at 1377-78.  In other words, the ADA violations no longer existed.  Here, Defendant does not claim that it has already removed all of the barriers.

The Court concludes that the thirteenth affirmative is duplicative of defense five and will

therefore strike it as a denial.

Lastly, Plaintiff requests that Defendant's demand for attorney's fees be stricken, arguing that attorney's fees would only be appropriate if Defendant claimed that this action was "frivolous, unreasonable, groundless or that the plaintiff continued to litigate it after it clearly became so." (Mot. at 14 (citing Christiansburg Garment v. EEOC, 434 U.S. 412, 421 (1978)).) This standard, however, applies to ADA cases and is statutorily based. Bruce v. City of Gainesville, Ga., 177 F.3d 949, 951 (11th Cir. 1999) (applying Christiansburg standard to ADA cases); 42 U.S.C.A. § 12205 (the court may allow the prevailing party a reasonable attorney's fee).  Because the entitlement to fees is statutory, there is nothing improper about Defendant seeking fees pursuant to the applicable federal statute.  For this reason, the request to strike is denied.

IV.  Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Motion to Strike Defendant's Second through Sixteen Affirmative Defenses to Plaintiff's Complaint, Motion to Strike its Demand for Attorney's Fees (DE 9) is **GRANTED IN PART AND DENIED IN PART**.  Defendant shall file an amended pleading **within 14 days of the date of entry of this Order.**

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 6th day of July, 2012.

_____
KENNETH A. MARRA
United States District Judge

9